HARRY B. McKEOWN *vs.* J. THEODORE GURNEY.

Suffolk.    March 7, 1888. — June 19, 1888.

Present : MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Insolvent Debtor — Pending Action — Costs and Expenses — Proof of Claim — Composition — " Debt " — Appeal.*

If the Court of Insolvency declines to pass upon a claim for the costs and expenses of an action pending against an insolvent debtor where the claim upon which the suit was commenced is proved against the estate, as provided in the Pub. Sts. c. 157, § 139, the only remedy is by appeal.

The " debt " referred to in the St. of 1884, c. 236, § 9, which provides that a creditor, whose debt is omitted from the debtor's schedule in composition proceedings by mistake or want of knowledge, may recover against him, is the original debt; and if such debt has been paid, no further action will lie for the costs and expenses of an action pending for its recovery.

CONTRACT to recover the costs and expenses of an action pending against an insolvent debtor. Trial in the Superior Court, without a jury, before *Pitman,* J., who allowed a bill of exceptions in substance as follows.

The plaintiff entered the employment of the defendant as an operative in 1885, giving his residence as Boston, Mass. Afterwards the plaintiff brought an action in the Municipal Court of the city of Boston against the defendant for such services, and attached the defendant's property. After the entry of this action, the defendant petitioned himself into insolvency, and filed a schedule of his creditors, in which the plaintiff's name did not appear, but the name of H. McKewan, of Boston, Mass., did appear for the amount then due to the plaintiff for such services. Before the action was tried, the defendant suggested his insolvency in the Municipal Court, and the plaintiff for the first time had notice thereof, whereupon the case was continued, and was still pending. The attachment in that action was not dissolved until the proceedings in insolvency were begun. Under the composition statutes, the defendant paid into court an amount sufficient to pay the plaintiff's claim in full, under the name of H. McKewan. The composition was duly carried out, and the defendant received his discharge on December 4, 1885.

The last meeting of creditors for the proof of claims was held on November 5, 1885; but those creditors whose names appeared on the defendant's schedule were allowed one year from September 23, 1885, the date of the first publication of notice of the insolvency proceedings, in which to prove their claims and receive their dividends. On December 4, 1885, the plaintiff, upon hearing that the defendant had received his discharge, offered to prove his claim in the Court of Insolvency against the defendant's estate under his own name, and to receive for his services the dividend standing to the credit of H. McKewan, as well as to prove a claim for costs and expenses that had accrued in the action in the Municipal Court. The Court of Insolvency allowed the claim for the plaintiff's services, and caused to be paid to him the sum standing to the credit of H. McKewan, but refused to allow or disallow his claim for such costs and expenses.

The judge found that the plaintiff never received any notice of the meetings of the defendant's creditors, except as stated, and that the amount sought to be recovered in this action consisted of the legal fees, costs, and expenses of the action pending in the Municipal Court, and the expenses of the custody of the

property attached, and ruled, as matter of law, that the action could not be maintained, and found for the defendant; and the plaintiff alleged exceptions.

*T. Curley*, for the plaintiff.

*S. D. Charles*, for the defendant.

DEVENS, J.   Although the plaintiff's name was omitted from the schedule of the defendant's creditors in insolvency, and although a discharge had been granted to the debtor and the time had expired within which claims could be proved against the estate of the defendant in insolvency except those held by creditors whose names appeared on the defendant's schedule, the plaintiff offered to prove his original claim in the name of Harry B. McKeown, and was permitted to receive the dividend which stood to the credit of H. McKewan on the defendant's schedule.

The plaintiff had brought suit in the Municipal Court of the city of Boston on his claim, and the attachment of property made therein was dissolved by the insolvency of the defendant. At the time of offering to prove his debt in insolvency, he offered to prove the claim for costs and expenses which had accrued in his action in the Municipal Court, but the Court of Insolvency declined to pass thereon.   Upon this claim he now brings suit.

The Pub. Sts. c. 157, § 139, provide that, when an attachment on mesne process has been made, and is not dissolved before the commencement of proceedings in insolvency, " if the claim upon which the suit was commenced is proved against the estate of the debtor, the plaintiff may also prove the legal fees, costs, and expenses of the suit and of the custody of the property, and the amount thereof shall be a privileged debt."   This is a debt created by the statute, and its existence depends upon the predicament stated in the statute, namely, that it shall have been proved as the statute prescribes.   The statute creates no personal contract on the part of the insolvent to pay these costs, etc., nor does it place him under any personal liability, and the liability of his estate depends on this proof solely.   If the Court of Insolvency erroneously refused to pass upon or to permit the plaintiff to prove his claim for costs, etc., his remedy was by appeal.   Pub. Sts. c. 157, §§ 36–38.

The proceedings of the debtor were under the St. of 1884, c. 236, which provide for a discharge by means of a composition in insolvency. Section 9 of this statute, after authorizing the Court of Insolvency under certain circumstances to confirm the composition, and to grant a discharge, provides that the composition " shall not bar the debt of any creditor whose name was fraudulently and wilfully omitted from the debtor's schedule of creditors. But the debt of any creditor omitted therefrom only through mistake or want of knowledge shall be barred, and he shall be entitled to and may recover against the debtor the amount of the dividend to which he would have been entitled in the composition proceedings."

The contention of the plaintiff is, that whether the debt due him was omitted fraudulently or by mistake from the schedule, which latter is the more favorable view, this omission enables him to recover the full amount of his claim for costs, etc., as a privileged debt. The original debt due to the plaintiff, however, which was for labor and services, has ceased to exist. It was offered in the name of Harry B. McKeown, and has been paid in full. The claim for costs, etc., was only supplementary thereto. Whether, if the plaintiff were now able to bring suit on his original debt, either because the same was fraudulently or by mistake omitted by the defendant from his schedule, it would be possible, in view of the language of the statute, to hold that he might maintain his claim for legal costs, etc., as supplementary thereto, upon the ground that the negligence or fraud of the debtor had deprived him of his right to prove the costs, etc., as well as the original debt, or whether a more literal construction of the statute should be followed, need not now be discussed.

The debt referred to in the St. of 1884, c. 236, § 9, is the original debt ; and when this cannot be enforced by suit, that which is purely incidental thereto, or which may be made incidental by a decree of the court, cannot be enforced.

*Exceptions overruled.*